

U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK/WMP
F. #2013R00505

271 Cadman Plaza East
Brooklyn, New York 11201

October 10, 2014

**BY HAND**

Michelle A. Gelernt, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th floor
Brooklyn, New York 11201

    Re: United States v. Robert Bandfield
       Criminal Docket No. 14-476 (ILG)

Dear Ms. Gelernt:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes discovery with respect to the above-referenced matter. The materials in this production are produced on a disc and Bates stamped EDNY-IPC-000000001 – EDNY-IPC-000000206. The government also requests reciprocal discovery.

I.  The Government's Discovery

   A.  Statements of the Defendant

    The enclosed disc contains a copy of the video recording of defendant Robert Bandfield's post-arrest statements to FBI agents on September 9, 2014 (Bates stamped EDNY-IPC-000000001).

   B.  The Defendant's Criminal History

    The enclosed disc contains a copy of the defendant Robert Bandfield's criminal history report (Bates stamped EDNY-IPC-000000002 – EDNY-IPC-000000012).

   C.  Documents and Tangible Objects

    The closed disc also contains copies of the following materials: (i) video recordings of two meetings between the undercover agent and the defendant and/or his accomplices (Bates stamped EDNY-IPC-000000013); (ii) recordings of telephone calls between the undercover agent and the defendant and/or his accomplices (Bates stamped EDNY-IPC-

Michelle A. Gelernt, Esq.
October 10, 2014
Page 2

000000014); and (iii) emails between the undercover agent and the defendant and/or his accomplices (Bates stamped EDNY-IPC-000000015 to EDNY-IPC-000000206).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case, as they become available.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.   Brady Material

The government is not aware of any exculpatory material regarding any of the defendants.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any

Michelle A. Gelernt, Esq.
October 10, 2014
Page 3


results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

   The government also requests that each defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

   The government also requests that each defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

   Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of each defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

   Pursuant to Federal Rule of Criminal Procedure 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi.  The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.  The offenses took place at the locations, dates, and times specified in the Indictment.

   Pursuant to Federal Rule of Criminal Procedure 12.2(a), the government hereby demands written notice, to be served within ten days of this demand, of the defendant's intention, if any, to claim a defense of insanity, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely upon in establishing the defense identified in any such notice.  Pursuant to Federal Rule of Criminal Procedure 12.2(b), the government hereby demands written notice, to be served within ten days of this demand, of the defendant's intention, if any, to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant's bearing on the issue of guilt, and demands the names and addresses of the expert witnesses upon whom the defendant intends to rely in offering any such evidence identified in any such notice.

III.  Future Discussions

   If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Michelle A. Gelernt, Esq.
October 10, 2014
Page 4

        Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

By:    /s/
        Jacquelyn M. Kasulis
        Winston M. Paes
        Assistant U.S. Attorneys
        (718) 254-6103 (Kasulis)
        (718) 254-6023 (Paes)

Enclosure

Cc:    Clerk of Court (ILG) (by ECF) (w/o enclosures)