# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | FILED ) | |
| | IN CLERK'S OFFICE | Case Number: CR-14-00476-01 (S-2) (ILG) |
| ROBERT BANDFIELD, | US DISTRICT COURT E)D.N.Y. | |
| also known as "Bob Bandfield" | ) | USM Number: 05625-104 |
| | ★ FEB 1 0 2017 ) | |
| | ) | Savannah Stevenson, Esq. |
| | BROOKLYN OFFICE | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    (3) of superseding indictment CR-14-00476 (S-2)

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1956(h) and §1956(a)(1) | Money laundering conspiracy | 9/30/2014 | 3 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   (all remaining & underlying)   ☐ is   ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/6/2017
Date of Imposition of Judgment

s/I. Leo Glasser, USDJ
Signature of Judge

I. Leo Glasser, U.S. District Judge
Name and Title of Judge

2/8/2017
Date

DEFENDANT: ROBERT BANDFIELD, also known as "Bob Bandfi
CASE NUMBER: CR-14-00476-01 (S-2) (ILG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

seventy-two (72) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) That the defendant be designated to the FCI at Sheridan, Oregon, in order to facilitate family visits.
2) That the defendant be permitted to participate in a residential alcohol treatment program (RDAP).\
3) That he be provided with an appropriate hearing aid.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT BANDFIELD, also known as "Bob Bandfi
CASE NUMBER: CR-14-00476-01 (S-2) (ILG)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :   three (3) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ROBERT BANDFIELD, also known as "Bob Bandfi
CASE NUMBER: CR-14-00476-01 (S-2) (ILG)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: ROBERT BANDFIELD, also known as "Bob Bandfi
CASE NUMBER: CR-14-00476-01 (S-2) (ILG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ |

☑ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROBERT BANDFIELD, also known as "Bob Bandfi
CASE NUMBER: CR-14-00476-01 (S-2) (ILG)

## ADDITIONAL FORFEITED PROPERTY

The preliminary order of forfeiture dated May 23, 2016 is hereby incorporated into this judgment and commitment order and a copy is annexed hereto.

SLR:LDM:BDM
F. #2013R00505

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 24 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT BANDFIELD,

   Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

14 CR 476 (ILG)(S-2)

   WHEREAS, on or about May 23, 2016, ROBERT BANDFIELD (the "defendant"), entered a plea of guilty to Count Three of the above-captioned Superseding Indictment, which charges money laundering conspiracy in violation of 18 U.S.C. § 1956(h); and

   WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant consents to the entry of a forfeiture money judgment in the amount of one million dollars and no cents ($1,000,000) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title and interest in the property listed in Exhibit A hereto (the "Forfeited Assets"), as property, real or personal, involved in a violation of 18 U.S.C. § 1956(h), or as property traceable thereto; and/or pursuant to 21 U.S.C. § 853(p) as substitute assets.

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

   1.  Pursuant to 982(a)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right,

title and interest in the Forfeited Assets. The forfeiture of the Forfeited Assets shall not be credited towards the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or bank checks, payable to the "United States Department of Treasury," with the criminal docket number noted on the face of the checks. The defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

3. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of Forfeited Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice. or no later than sixty (60) days after the first day of publication on an official

government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and relief sought.

      6.     The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets, or to any assets against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. If the Forfeited Assets or Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

7. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties forfeited hereunder, and waives all constitutional, legal, and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is made final as to the defendant, and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Forfeited Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be final and binding only upon the Court "so ordering" the order.

13. The Court shall retain jurisdiction over this action to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Law Clerk, Alexander Teichman, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
May 23, 2016

SO ORDERED:

_____
HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A



ALL RIGHT, TITLE AND INTEREST IN IPC MANAGEMENT SERVICES, LLC, A NEVADA LIMITED LIABILITY COMPANY, TOGETHER WITH ALL ASSETS AND RIGHTS THEREOF, AND ALL PROCEEDS TRACEABLE THERETO;

ALL RIGHT, TITLE AND INTEREST IN IPC CORPORATE SERVICES INC., A BELIZE CORPORATION, TOGETHER WITH ALL ASSETS AND RIGHTS THEREOF, AND ALL PROCEEDS TRACEABLE THERETO;

ALL RIGHT, TITLE AND INTEREST IN IPC CORPORATE SERVICES LLC, A NEVIS, WEST INDIES LIMITED LIABILITY COMPANY, TOGETHER WITH ALL ASSETS AND RIGHTS THEREOF, AND ALL PROCEEDS TRACEABLE THERETO;

ALL RIGHT, TITLE AND INTEREST IN MARIAH INTERNATIONAL LLC, A NEVIS, WEST INDIES LIMITED LIABILITY COMPANY, TOGETHER WITH ALL ASSETS, RIGHTS AND CLAIMS THEREOF, AND ALL PROCEEDS TRACEABLE THERETO;

ONE DASSAULT-BREGUET FALCON 50 AIRCRAFT BEARING SERIAL NUMBER 093 AND REGISTRATION NUMBER N868BT, AND ALL LOG BOOKS AND MAINTENANCE RECORDS PERTAINING THERETO;

ONE RANGE ROVER DEFENDER VEHICLE LOCATED IN SHIPPING CONTAINER NUMBER CONSIGNED TO OR ON BEHALF OF GREGG MULHOLLAND;

ANY AND ALL PROCEEDS FROM THE SALE OF THE REAL PROPERTY AND PREMISES LOCATED AT 30302 MALASPINA ROAD, SAN JUAN CAPISTRANO, CALIFORNIA 92675 RECEIVED BY OR TRANSFERRED THROUGH HONG KONG ATTORNEY RAYMOND CHU FROM DIRECTION LLP, AND ALL PROCEEDS TRACEABLE THERETO;

THE REAL PROPERTY AND PREMISES LOCATED AT 3630 MATHERS AVENUE, WEST VANCOUVER, BRITISH COLUMBIA V7V 2LI, AND ALL PROCEEDS TRACEABLE THERETO;

THE REAL PROPERTY AND PREMISES LOCATED AT 2978 HIGH POINT DRIVE, WHISTLER, BRITISH COLUMBIA V0N 1B2, TOGETHER WITH ANY AND ALL PROCEEDS FROM THE SALE THEREOF;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011112735 HELD IN THE NAME OF IPC CORPORATE SERVICES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011167150 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011152624 HELD IN THE NAME OF ALTRIX CAPITAL LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BELIZE BANK ACCOUNT NUMBER 20011147582 HELD IN THE NAME OF MARIAH INTERNATIONAL LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV022-27984 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER SV032-00740 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD023-08931 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CAYMAN NATIONAL BANK LIMITED ACCOUNT NUMBER TD203-09046 HELD IN THE NAME OF PINNACLE FINANCIAL GROUP (CAYMAN) LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CALEDONIAN GROUP SERVICES LIMITED ACCOUNT NUMBER 172570004 HELD IN THE NAMES OF TITAN INTERNATIONAL SECURITIES, INC., AND LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN PAYPAL ACCOUNT NUMBER 2099820869655077575 HELD IN THE NAME OF INTERNATIONAL PRIVACY CORPORATION, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER 485005922520 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN WELLS FARGO BANK, NA ACCOUNT NUMBER 8711761661 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPORATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CITIBANK, NA ACCOUNT NUMBER 0500387295 HELD IN THE NAME OF IPC MANAGEMENT SERVICES, LLC D/B/A INTERNATIONAL PRIVACY CORPORATION (IPC) CORPROATE SERVICES, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT SECURITIES LIMITED ACCOUNT NUMBER A0173401 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0059568 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL SECURITIES OR FUNDS ON DEPOSIT IN BEAUFORT ASSET CLEARING ACCOUNT NUMBER A0068841 HELD IN THE NAME OF LEGACY GLOBAL MARKETS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000153202 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERMES BANK ACCOUNT NUMBER 011002000180716 HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN FIRST CARIBBEAN INTERNATIONAL BANK ACCOUNT NUMBER 102186247 HELD IN THE NAME OF TIGER PARTNERS, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 179638 HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN SAXO BANK ACCOUNT NUMBER 176862INET HELD IN THE NAME OF TITAN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704871 HELD IN THE NAME OF BELLE ISLE INVESTMENTS LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704856 HELD IN THE NAME OF VISTA MERCANTILE, LLC, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN HERITAGE INTERNATIONAL BANK & TRUST LIMITED ACCOUNT NUMBER 704906 HELD IN THE NAME OF TIMELINE PROPERTIES, INC., AND ALL PROCEEDS TRACEABLE THERETO; and

ANY AND ALL FUNDS AND SECURITIES ON DEPOSIT IN VIEWTRADE SECURITIES, INC. ACCOUNT NUMBER 717-10389-1-7 BCR HELD IN THE NAME OF UNICORN INTERNATIONAL SECURITIES, INC., AND ALL PROCEEDS TRACEABLE THERETO.